IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 16-00480 LEK-KSC |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND FOR INJUNCTIVE RELIEF |
| vs. | ) ) | |
| J. ALEXANDER, et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND FOR INJUNCTIVE RELIEF**

The court dismissed this action on September 7, 2016, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff refiling his claims in a new action with concurrent payment of the filing fees. *See* Order, ECF No. 5. Judgment entered September 9, 2016. ECF No. 6. Plaintiff did not appeal.

Plaintiff now seeks relief from judgment pursuant to Rules 52, 60, and 65 of the Federal Rules of Civil Procedure. Mot., ECF No. 7. For the following reasons, Plaintiff's Motion is DENIED.

## I. RELIEF IS DENIED UNDER RULE 52

Plaintiff asks to submit "Additional Facts During Appeal," pursuant to Rule 52(b). Mot., ECF No. 7. Rule 52(b) states in pertinent part:

> **Amended or Additional Findings**. On a party's motion filed *no later than 28 days after the entry of judgment*, the court may amend its findings – or make additional findings – and may amend the judgment accordingly.

(emphasis added). Plaintiff has not filed an appeal and his Motion is untimely. To the extent he seeks relief under Rule 52(b), Plaintiff's Motion is DENIED.

## II. RELIEF IS DENIED UNDER RULE 60

Plaintiff seeks "One-year review" under Rule 60. Mot., ECF No. 7. Rule 60(b) provides for relief from a final judgment, order or proceeding "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions made under Rule 60(b) must be made "within a reasonable

time–and for reasons (1), (2), and (3), no more than a year after entry of the judgment or order or the date of the proceeding."

Motions for reconsideration are not a substitute for appeal and should be infrequently made and granted. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *see also Tierney v. Abercrombie*, 2012 WL 4502454, at *2 (D. Haw. Sept. 28, 2012) (discussing "serial filing of frivolous motions for reconsideration").

Plaintiff did not appeal this court's decision and may not seek reconsideration for any issue that he could have brought on appeal.  To the extent he seeks reconsideration under reasons (1), (2), and (3), more than a year has passed since judgment entered and his Motion is untimely.  Plaintiff presents no other coherent, persuasive reason for the court to amend its Order, make additional findings, or reconsider its ruling.  To the extent he seeks relief under Rule 60, Plaintiff's Motion is DENIED.

## III. **RELIEF IS DENIED UNDER RULE 65**

Plaintiff claims "Injuries" under Rule 65, which relates to the court's authority to issue injunctive relief. Mot., ECF No. 7. "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To be entitled to a temporary restraining order or injunctive relief "the [moving] party [must] demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20); *see also Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.").

Plaintiff does not establish that there are serious questions going to the merits of his claims, or that he was in imminent danger of serious physical injury when he filed this action more than a year ago. Plaintiff's Motion for injunctive relief brought pursuant to Rule 65 is DENIED.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, October 26, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Grandinetti v. Alexander,* 1:16-cv-00480 LEK-KSC; psa recon 2017 (FRCP 52, 60, 65)